IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| KEVOUS RAMON MCKINNEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1157-JDT-egb |
| | ) | Crim. No. 03-10083-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

On May 19, 2004, Kevous Ramon McKinney entered a guilty plea to one count of possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). (No. 03-10083, Crim. ECF Nos. 28 & 31.) At sentencing this Court determined, based primarily on his three prior Tennessee state-court convictions for aggravated burglary, that McKinney qualified for an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *See also* U.S.S.G. § 4B1.4. He was sentenced to a 211-month term of imprisonment and a three-year term of supervised release. (No. 03-10083, Crim. ECF Nos. 37 & 38.)

McKinney filed a direct appeal, and the Court of Appeals affirmed the conviction but vacated the judgment and remanded for re-sentencing in accordance with *United States v. Booker*, 543 U.S. 220 (2005). *United States v. McKinney*, 138 F. App'x 724 (6th Cir. 2005). On re-sentencing, this Court again sentenced McKinney to a 211-month term of

imprisonment under the ACCA. (No. 03-10083, Crim. ECF Nos. 49 & 50.) On appeal, the Sixth Circuit affirmed. *United States v. McKinney*, No. 05-6462 (6th Cir. July 5, 2006), *cert. denied*, 549 U.S. 1026 (2006).

On June 6, 2016, through counsel, McKinney filed a motion pursuant to 28 U.S.C. § 2255 contending that his sentence is unlawful under the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). (ECF No. 1.) In *Johnson*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. 135 S. Ct. at 2563. The decision in *Johnson* later was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

At the time of McKinney's re-sentencing, it was the law in the Sixth Circuit that Tennessee aggravated burglary qualified as a categorical violent felony under the ACCA's enumerated offenses clause, not under the residual clause. *See United States v. Sawyers*, 409 F.3d 732 (2005), *cited in United States v. Nance*, 481 F.3d 882, 888 (6th Cir. 2007). However, the Sixth Circuit has now overruled *Nance* in *United States v. Stitt*, — F.3d — , 2017 WL 2766326, *5-6 (6th Cir. June 27, 2017) (en banc). In *Stitt*, the Court of Appeals held that "[b]ecause Tennessee's aggravated-burglary statute is both broader than generic burglary under the categorical approach and indivisible, a conviction under the statute does not count as a violent felony under the ACCA." *Id.* at *7. As a result of that decision, McKinney's prior Tennessee convictions for aggravated burglary can no longer be used as predicate offenses under either the enumerated offenses clause or the residual clause of the

2

ACCA. Therefore, McKinney no longer qualifies as an armed career criminal and is entitled to relief under § 2255.

McKinney has filed a motion asking that he be granted immediate release from incarceration. (ECF No. 6.) Absent the ACCA enhancement, the maximum prison sentence McKinney could have received was 10 years or 120 months, which he has already served. The United States has filed a response agreeing that if the Court grants McKinney's § 2255 motion an amended criminal judgment should be entered sentencing him to time served. (ECF No. 8.)

Because McKinney no longer qualifies for an enhanced sentence under the ACCA, the motion under 28 U.S.C. § 2255 is GRANTED. The judgment in the criminal proceeding is hereby SET ASIDE. The Clerk is directed to prepare an amended criminal judgment sentencing McKinney to time served and three years of supervised release.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE